IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 1, 2018

**JULIA BROWNING v. MARK D. BROWNING**

**Appeal from the Circuit Court for Knox County**
**No. 1-268-17      Kristi M. Davis, Judge**

———————————————————

**No. E2017-02354-COA-R3-CV**

———————————————————

A creditor obtained a default judgment in general sessions court and the debtor appealed the judgment to circuit court. The debtor was not in the courtroom when the case was called in circuit court, and the court awarded the creditor a default judgment. The debtor appeals the circuit court's judgment, and we affirm based on the language of Tenn. Code Ann. §§ 27-5-106 and -107.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Mark D. Browning, Knoxville, Tennessee, Pro Se.

Julia Browning, Knoxville, Tennessee, Pro Se.

**OPINION**

PROCEDURAL BACKGROUND

Julia Browning filed a civil summons against Mark D. Browning in the Knox County General Sessions court on April 12, 2017, seeking a judgment for money borrowed in the amount of $9,700. Ms. Browning was granted a default judgment for this amount on July 12, 2017. Mr. Browning appealed the default judgment to the Knox County Circuit Court. The circuit court granted Ms. Browning a default judgment on November 9, 2017. The court's judgment states as follows:

This appeal from General Sessions Court was set for trial on November 9, 2017. On that date, the plaintiff appeared and was ready to proceed at 9:00. The defendant did not appear. The Court waited until

9:07 to call the case, at which time the Court granted a default judgment to the plaintiff in the amount of $9,700.00. At 9:15, the defendant appeared at the clerk's counter, stating that he could not find the correct courtroom. By this time, the plaintiff had already left the courthouse. The Court informed the defendant that Court started at 9:00, that the Court had waited until 9:07 to call the case, and that a default judgment had been granted. It is, therefore, **ORDERED** that judgment shall enter in favor of the plaintiff in the amount of $9,700.00. Court costs are taxed to the defendant, for which execution may issue, if necessary.

Mr. Browning appeals the circuit court judgment. The appellate record does not contain any pleadings or documentation describing the alleged debt at issue. The record does include a letter from Mr. Browning to the circuit court, dated February 20, 2018, in which he stated:

> This shall act as a letter or statement of evidence. I lost the court case [in circuit court] via default due to circumstances beyond my control, causing me to be late for the proceedings, therefore, I do not believe there is any transcript in this matter, as the case has not been heard.

ANALYSIS

Normally, a trial court's decision to award a party a default judgment is reviewed for an abuse of discretion. *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000); *but cf. First Union Nat'l Bank of Tenn. v. Abercrombie*, No. M2001-01379-COA-R3-CV, 2003 WL 22251347, at *3 (Tenn. Ct. App. Oct. 2, 2003) (stating trial court's award of default judgment is limited to determining whether fundamental errors appear "on the face of the record" when no Rule 55.02 motion is filed). However, as discussed below, the default judgment in this case was awarded pursuant to statute, *viz.*, Tenn. Code Ann. §§ 27-5-106 and -107. Statutory interpretation involves a question of law that we review de novo. *In re Baby*, 447 S.W.3d 807, 817 (Tenn. 2014); *Tidwell v. City of Memphis*, 193 S.W.3d 555, 559 (Tenn. 2006).[1]

When a party appeals a judgment from a general sessions court, the higher court is directed to hold a trial de novo on the merits. Tenn. Code Ann. § 16-15-729. The circuit court in this case granted Ms. Browning a default judgment because Mr. Browning was not in the courtroom at 9:00 a.m., when the case was scheduled, and he failed to appear when the case was called seven minutes later. Our Supreme Court has recognized that "default judgments run counter to the judicial system's general objective of disposing of

---

[1]We also note that Tenn. R. App. P. 13(f) addresses an appellate court's review of default judgments, stating: "A defaulted defendant cannot raise on appeal the defense of failure to state a claim upon which relief can be granted . . . ."

cases on the merits." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003). The *Henry* Court found that default judgments are "drastic sanctions" and are not "favored by the courts." *Id.*; *see also Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991) (recognizing that "courts are reluctant to give effect to rules of procedure which seem harsh and unfair, and which prevent a litigant from having a claim adjudicated upon its merits").

However, Title 27, Chapter 5 of the Tennessee Code Annotated governs appeals from general sessions courts and seems to require the dismissal of an appeal if the appellant/defendant "fails to appear" to prosecute the appeal. When a party appeals a decision from general sessions, the clerk of the general sessions court is directed to file the papers from the case in the office of the circuit court clerk. Tenn. Code Ann. § 27-5-105(a)(1). The next section of the statute provides:

> If the clerk fails to return the papers within the time prescribed, but returns them during the term to which the same are returnable, and *the appellant fails to appear and prosecute the appeal, if such appellant is the original defendant, the plaintiff shall have judgment final, by default, for the amount of the judgment of the court of general sessions*, against the appellant for the debt and the appellant and the appellant's sureties for the cost.

Tenn. Code Ann. § 27-5-106(a) (emphasis added). The following section then states:

> If the papers are properly returned, and the appellant fails to appear or defend as above, or if the appeal is dismissed for any cause, *the appellee is entitled to an affirmance of the judgment below*, with costs.

Tenn. Code Ann. § 27-5-107 (emphasis added).

These statutes have been applied to fact situations not unlike the case at bar. In *Nix v. Sutton*, No. M2006-00960-COA-R3-CV, 2007 WL 1541331 (Tenn. Ct. App. May 25, 2007), the defendant appealed a decision from general sessions to circuit court, but he failed to appear on the day of the hearing in circuit court. *Nix*, 2007 WL 1541331, at *1. The circuit court dismissed the appeal and remanded the case to general sessions for execution of the judgment. *Id.* The defendant later filed a statement with the circuit court clerk explaining that he had missed the hearing because he had gone to the wrong courthouse, and the court treated the statement as a motion to reconsider. *Id.* The trial court denied the defendant's "motion," and the defendant appealed the dismissal of his appeal to this court. *Id.*

On appeal, the *Nix* court reviewed the statutes quoted above and found that the dismissal of an appeal from general sessions "is warranted" if the appellant "fails to appear and prosecute his appeal in circuit court." *Id.* at *2. The court reviewed other

cases in which the circuit court had dismissed an appeal by a general sessions appellant when the appellant failed to appear to prosecute the appeal in circuit court. *Id.*; *see Steve Frost Agency v. Spurlock*, 859 S.W.2d 337, 338-39 (Tenn. Ct. App. 1993) (appellant failed to appear at hearing because he believed hearing was scheduled for different day); *Osborne v. Turner*, No. 296, 1991 WL 26720, at *1-2 (Tenn. Ct. App. Mar. 5, 1991) (appellant failed to appear at hearing because she was out of state). Finding that the statutes controlled the outcome of the case, the *Nix* court affirmed the circuit court's judgment. *Nix*, 2007 WL 1541331, at *3. The *Nix* court concluded that "the plaintiff was entitled to have judgment final, by default, for the amount of the judgment of the court of general sessions" due to the appellant's failure to appear and prosecute his appeal. *Id.* at *3.

In *Memphis Area Teachers Credit Union v. Jones*, No. W2009-01419-COA-R3-CV, 2010 WL 2349202 (Tenn. Ct. App. June 14, 2010), the defendant appealed a decision from general sessions to circuit court. *Jones*, 2010 WL 2349202, at *1. The defendant was not at the hearing when the appeal was called because he was told by someone at his attorney's office that the hearing would be at a different courthouse. *Id.* The circuit court dismissed the appeal based on the defendant's failure to prosecute it. *Id.* On appeal, the Court of Appeals reviewed the statutes quoted above, and based on the outcome of *Nix*, the court concluded that it "must affirm" the circuit court's dismissal of the defendant's appeal. *Id.* at *3.

Although Mr. Browning did not fail to prosecute his appeal because he went to the wrong courthouse, as the appellants did in *Nix* and *Jones*, we do not believe his failure to locate the proper courtroom before the case was called is materially different because, in all three cases, the appellant "fail[ed] to appear and prosecute the appeal." Tenn. Code Ann. § 27-5-106(a). The statutes do not give the trial court discretion to enter final judgment for the plaintiff; rather, section 27-5-106(a) provides that "the plaintiff shall have judgment final, by default, for the amount of the judgment of the court of general sessions" if the appellant/defendant "fails to appear and prosecute the appeal." *Id.*; *see also* Tenn. Code Ann. § 27-5-107 (providing that if the general sessions clerk returns the papers properly, "and the appellant fails to appear or defend as above," then "the appellee is entitled to an affirmance of the judgment below").[2] Concluding that the holdings in *Nix* and *Jones* control the outcome here, we affirm the trial court's judgment.[3]

---

[2] The record does not reveal when the general sessions clerk returned the papers, so we do not know whether Tenn. Code Ann. § 27-5-106(a) or Tenn. Code Ann. § 27-5-107 applies to this case.

[3] We acknowledge the harsh result in this case and believe the trial court could have waited longer than a mere seven minutes before calling the case and awarding Ms. Browning a default judgment. However, trial court judges have "broad discretionary authority to control their dockets and the proceedings in their courts," *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003), and we are not at liberty to disregard the dictates of the statute. Any change to the law must come from the legislature, and any other interpretation of the current statutes must come from the Tennessee Supreme Court.

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Mark D. Browning, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE